17-990
Southside Hospital v. New York State Nurses Association

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:
        JOHN M. WALKER, JR.,
        DENNIS JACOBS,
                Circuit Judges,
        MICHAEL P. SHEA,*
                District Judge.
_____

SOUTHSIDE HOSPITAL,
        Petitioner-Appellant,

        -v.-                                              17-990

NEW YORK STATE NURSES
ASSPCOATION,
        Respondent-Appellee.

_____


        *    Judge Michael P. Shea, United States District Court for the District of Connecticut, sitting by designation.

**FOR PETITIONER-APPELLANT:**     PETER D. STERGIOS, McCarter & English, LLP, New York, NY.

**FOR RESPONDENT-APPELLEE:**     JOSHUA J. ELLISON (<u>with</u> Richard M. Seltzer <u>on the brief</u>), Cohen, Weiss and Simon LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Southside Hospital ("Southside") brought suit in the United States District Court for the Eastern District of New York (Seybert, <u>J.</u>), seeking vacatur of an arbitration award in favor of the New York State Nurses Association ("NYSNA"). At summary judgment, the district court granted NYSNA's motion to confirm the award. Southside appeals. "We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions," and for clear error to the extent it turns on findings of fact. <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 388 (2d Cir. 2003). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Southside seeks vacatur of the award on the ground that the underlying dispute was not arbitrable under the parties' collective bargaining agreement ("CBA"). <u>See In re Am. Exp. Fin. Advisors Sec. Litig.</u>, 672 F.3d 113, 127 (2d Cir. 2011) ("[A] party cannot be required to [arbitrate] any dispute which he has not agreed . . . to [arbitrate].") (internal quotation marks omitted). The parties' CBA contained the following pertinent provisions.

Article 3, Subsection 3.10 provided that nurses were not to be "required to perform non-nursing functions on a regular basis as part of their assigned duties." App'x at 56. Article 14 stated that, "[e]xcept as otherwise provided in" the CBA, "every grievance . . . arising from

[the] application or interpretation of" the CBA would be subject to a dispute-resolution process concluding (if necessary) with binding arbitration "conducted under the existing rules of the American Arbitration Association." Id. at 85-86. Article 3, Subsection 3.01 established a committee of nurses charged with "mak[ing] recommendations [to Southside] regarding . . . the factors which facilitate or impede the practice of nursing," including, inter alia, the "involvement" of nurses "in non-nursing responsibilities." Id. at 50. Southside administrators would be required to respond to written recommendations submitted by the committee within ten workdays, but the administrators' decision would "be final and not subject to Article 14" of the CBA. Id.

In 2014, NYSNA submitted an Article 14 grievance, alleging that Southside had breached Article 3, Subsection 3.10 of the CBA by routinely requiring nurses to perform certain non-nursing functions. In the ensuing arbitration, the arbitrator found for NYSNA on the merits and issued a remedial award. The arbitrator rejected Southside's argument that NYSNA's grievance was not arbitrable under the CBA. That argument, which Southside renews on appeal, proceeds as follows.

First, Southside observes that Article 14 governs the resolution of all CBA-related grievances, "[e]xcept [for those for which resolution is] otherwise provided [for] in" the CBA. Id. at 85. Next, Southside asserts that Article 3, Subsection 3.01 "assign[s] the decision of 'nursing involvement in non-nursing responsibilities' . . . to the Committee" created under that provision for the purpose of recommending policies related to nursing practice. Appellant's Br. 10. Emphasizing that the decision of hospital administrators to reject a committee recommendation is "final and not subject to Article 14," App'x at 50, Southside concludes that "the parties intended the Committee, not the Arbitrator, to decide the issues specified to be within [the Committee's] jurisdiction," including the instant grievance, Appellant's Br. 10.

3

Southside's argument fails because the arbitrator, acting within the authority granted to him under the CBA, reasonably interpreted the CBA's arbitration clause as covering NYSNA's grievance. True, "whether a collective-bargaining agreement creates a duty for the parties to arbitrate [a] particular grievance . . . is [generally] an issue for judicial determination." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986). But authority to determine arbitrability is vested in the arbitrator when "there is *clear and unmistakable evidence* [in] the arbitration agreement . . . that the parties intended [] the question of arbitrability [to] be decided by the arbitrator." Contec Corp. v. Remote Sol., Co., 398 F.3d 205, 208 (2d Cir. 2005) (internal quotation marks omitted).

The parties' agreement expressly incorporated "the existing rules of the American Arbitration Association" ("AAA"). App'x at 86. Rule 3 of the AAA Labor Arbitration Rules vests arbitrators with "the power to rule on [their] own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." AAA Rule 3(a); see Contec Corp., 398 F.3d at 208. "[W]hen, as here, parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as *clear and unmistakable evidence* of the parties' intent to delegate such issues to [the] arbitrator." Id. (emphasis added). Southside, "as a signatory to a contract containing an arbitration clause and incorporating by reference the AAA Rules, . . . cannot now disown its agreed-to obligation to arbitrate . . . the question of arbitrability." Id. at 211.

Pursuant to that arrangement, Southside presented *to the arbitrator* its argument that the CBA precluded arbitration of NYSNA's grievance. In finding the dispute arbitrable, the arbitrator employed valid techniques of contract interpretation, taking into consideration the

4

CBA's plain text and the parties' course of dealing.  See In re Am. Exp., 672 F.3d at 127 (describing arbitrability as "a matter of contract" interpretation) (internal quotation marks omitted).  Nothing about the arbitrator's decision suggests that it was based on "some [inapposite] body of thought, or feeling, or policy, or law."  Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261, 950 F.2d 95, 98 (2d Cir. 1991) (internal quotation marks omitted).  On the contrary, the arbitrator's decision reflects a plainly reasonable application of the CBA, for reasons lucidly explained in the magistrate judge's thorough January 26, 2017 report and recommendation, which the district court adopted in its entirety.[1]  There is therefore "no basis for abandoning" the "substantial deference" we "accord[] to an arbitrator's decision that is rendered within the authority [granted to the arbitrator] by the parties."  Jock v. Sterling Jewelers Inc., 646 F.3d 113, 125 (2d Cir. 2011) (internal quotation

---

[1] As the magistrate judge explained:

> Southside's argument relies upon the limited exclusionary language set forth in [Article 3, Subsection 3.01.] [But] th[at] [subsection] relate[s] to a process *separate and apart* from the grievance/arbitration process enacted in [Article 14]: that of making recommendations and decisions concerning nursing philosophies and practices.  [The exclusionary language] gives [Southside] discretion to make certain determinations concerning *future* policies and practices[,] which are not subject to arbitration.  [But the] language cannot reasonably be interpreted to exclude [arbitral] review of disputes relating to obligations [*already*] undertaken by Southside . . . [as] part of the collective bargaining agreement[,] [such as Southside's obligations under Article 3, Subsection 3.10] . . . .

App'x at 374-75 (emphases added) (internal quotation marks omitted).

5

marks omitted).  The arbitrator's finding of arbitrability cannot be displaced.

We have considered Southside's remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6